

Michael G. Adams
Secretary of State

**Commonwealth of Kentucky
Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

RCVD OCT 31 2022

October 25, 2022

UNUM
PO BOX 9548
PORTLAND, ME 04104-5058

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 22-CI-05326

COURT:  Circuit Court Clerk
        Jefferson County, Division: 1
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   (1) Your attorney, or
   (2) The attorney filing this suit whose name should appear on
       the last page of the complaint, or
   (3) The court or administrative agency in which the suit is filed
       at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

---

Kentucky Secretary of State's Office        Summons Division        10/25/2022

| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case **82-CI-05326**<br>Court ☑ Circuit ☐ District<br>JEFFERSON CIRCUIT COURT ☑<br>DIVISION ONE (1) |

**PLAINTIFF**

**EDWARD LYONS**

VS.

**DEFENDANT**

**UNUM**
**PO BOX 9548**
**PORTLAND MAINE 04104-5058**

Service of Process Agent for Defendant:
SECRETARY OF STATE

RECEIVED
OCT 24 2022
SECRETARY OF STATE
COMMON...

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: **OCT 13 2022**, 2_____

DAVID L. NICHOLSON, CLERK

_____ Clerk
By: _____[signature]_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-104 Doc. Code: CCCS<br>Rev. 7-22<br>Page 1 of 1<br><br>Commonwealth of Kentucky<br>Court of Justice    www.kycourts.gov | **CIVIL CASE COVER SHEET** | Case No: **22-CI-05326**<br>Court: CIR<br>County: ~~Johnson~~<br>Division:<br>JEFFERSON CIRCUIT COURT<br>DIVISION ONE (1) |

**PLAINTIFF/PETITIONER** OR **IN RE/IN THE INTEREST OF:**
EDWARD LYONS

**DEFENDANT/RESPONDENT,** *if applicable:*
UNUM

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:** Place a "X" to the left of the *ONE* case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
☐ Dissolution/Divorce with Children (DISSOC)
☐ Dissolution/Divorce without Children (DISSO)
☐ Paternity (PA)
☐ Custody (CUSTO)
☐ Child Support IV-D (SUPIV)
☐ Child Support Private Non IV-D (SUPPRI)
☐ URESA/UIFSA (UR)
☐ Visitation/Parenting Time (VISIT)
☐ Voluntary Termination of Parental Rights (VTPR)
☐ Involuntary Termination of Parental Rights (ITPR)
☐ Adoption (ADPT)
☐ Other: (DFOTH) _____

**PROBATE / ESTATE**
☐ Guardianship-Adult (GCADLT)
☐ Guardianship-Juvenile (GCJUV)
☐ Adult Conservatorship - Trusteeship (CONSVA)
☐ Juvenile Conservatorship - Trusteeship (CONSVJ)
☐ Probate-Testate (with a will) (PBTEST)
☐ Probate-Intestate (without a will) (PBINT)
☐ Petition to Dispense with Administration (PBDIS)
☐ Name Change (NC)
☐ Will Contest (WC)
☐ Other: (PBOTH) _____

**TORT (Injury)**
☐ Automobile (AUTO)
☐ Intentional (INTENT)
☐ Malpractice-Medical (MDML)
☐ Malpractice-Other (MLOTH)

☐ Premises Liability (PREM)
☐ Product Liability (PROD)
☐ Property Damage (PD)
☐ Slander/Libel/Defamation (SLAND)
☐ Other: (PIOTH)

**REAL PROPERTY**
☐ Abandoned and Blighted Property Conservatorship (PC)
☐ Property Rights (PR)
☐ Condemnation (DOMAIN)
☐ Forcible Detainer - Eviction (FD)
☐ Forcible Entry (FENTRY)
☐ Foreclosure (FCL) *eFile Only
☐ Other: (COOTH) _____

**EMPLOYMENT**
☐ Employment-Discrimination (DSCR)
☒ Employment-Other (DISPU)
   ERISA

**CONSUMER**
☐ Seller Consumer Goods (DEBTG)
☐ Seller Consumer Services (DEBTS)
☐ Buyer Consumer Goods (BUYERG)
☐ Buyer Consumer Services (BUYERS)
☐ Credit Card Debt (CREDIT) *eFile Only
☐ Fraud (FRAUD)
☐ Other: (COOTH) _____

**APPEALS**
☐ Appeal from Administrative Agency (AB)
☐ Appeal from District Court (XI)
☐ Other: (OTH)

**MISC CIVIL**
☐ Constitutional Challenge (CCHAL)
☐ Habeas Corpus (HABEAS)
☐ Non-Domestic Relations Restraining Order (IP)
☐ Tax (TAX)
☐ Writs (WRITS)
☐ Other: (OTH) _____

**BUSINESS / COMMERCIAL**
☐ Business Tort (BCPI)
☐ Statutory Action (BCSA)
☐ Business Contract Dispute (BCCO)
☐ Other: (BCOTH) _____

NO. **22 CI 05326**

JEFFERSON CIRCUIT COURT
DIVISION _JEFFERSON CIRCUIT COURT DIVISION ONE (1)_

EDWARD LYONS ) PLAINTIFF
)
)
)
)
v. )
)
) COMPLAINT
)
)
)
UNUM ) DEFENDANT
PO BOX 9548 )
PORTLAND, ME 04104-5058 )
)
)
SERVE: )
SECRETARY OF STATE )
700 CAPITOL AVE )
SUITE 152 ) A COPY
STATE CAPITOL ) ATTEST: DAVID L. NICHOLSON, CLERK
FRANKFORT KY 40601 ) JEFFERSON CIRCUIT COURT
) LOUISVILLE, KENTUCKY
) BY_____D.C.

\*\*\*  \*\*\*  \*\*\*

Comes the Plaintiff, EDWARD LYONS, by counsel, and for his cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Unum Life Insurance Company (hereinafter "carrier" or "Defendant" or "Unum") is a corporation doing business in the Commonwealth of Kentucky.
3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to him under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.
3. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security

Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

4. Plaintiff was a full-time employee of a qualified employer ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim #21073702; Policy #604657.

5. As a full time employee, Plaintiff was eligible for, and was participating in the long-term disability plan (hereinafter referred "LTD" or "plan") offered by employer.

6. At all times relevant to this Complaint, the Plan was administered by Unum and at all relevant times Unum remained the so called "plan administrator".

7. Plaintiff applied for, and was granted, LTD benefits by Unum. Subsequently, and for reasons that are medically mysterious, Unum reversed its decision and choose to terminate LTD benefits. It beyond cavil that Plaintiff's condition did not improve or was cured in that time span.

8. Plaintiff exhausted all administrative remedies under the terms of the plan.

9. Unum's in house medical review personnel performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform his own occupation or any occupation. This was well stated to defendant in the Administrative review. Thusly, Defendant Unum fails to offer a rational basis as to why it does not concur with opinions regarding restrictions and limitations consistent with Plaintiff's treating physicians

10. Defendant specifically ignored the opinion of Plaintiff's treating physicians who opine the Plaintiff could not even perform sedentary work.

11. Unum refused to consider all of the Plaintiff's medical ailments and combined effect on his body as a whole to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

12. Unum's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

13. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's inability to perform his own occupation or any occupation.

14. Defendant Unum's conclusions that Plaintiff is not totally disabled under this plan was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the

treating sources, and was executed in violation of relevant provisions of the plan.

15. At all relevant times Unum was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

16. In accordance with the terms of the plan, the Plaintiff intends to file for Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

17. Defendant cannot ignore the finding of SSA without adequate explanation in its decision even though the decision is outside the formation of the administrative record. *Whitaker v. Hartford Life and Accident Co.* 404 F.3d 947 (6th Cir. 2005).

18. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
## DENIAL IS IN VIOLATION OF ERISA STATUTE

19. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

20. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

21. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays for the following:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a re investigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing his contractual rights as well as his ERISA rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5. For his costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228

**MICHAEL G. ADAMS**
**SECRETARY OF STATE**
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ **REGISTER TO VOTE**

7021 1970 0000 1754 9843

neopost
10/25/2022
US POSTAGE $008.69

ZIP 40601
041M1225227



UNUM
PO BOX 9548
PORTLAND, ME 04104-5058

**UNUM**
Recipient: 9548 Appeal
Campus: PTLD
Mailstop: A090

Mon Oct 31 08:14:22 EDT 2022

7021197000017549843